**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ERVIN LEKA,**

                **Plaintiff,**                No. 06-cv-1484
                                                      (GLS-RFT)
        **v.**

**UNITED STATES OF AMERICA,**

                **Defendant.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Ervin Leka
*Pro Se*
Lagkia 16, Rruga Viktor Eftimiu
Pallati 42, Hyrja 2
Korca, Albania Europe

**FOR THE DEFENDANT:**
HON. GLENN T. SUDDABY       BARBARA D. COTTRELL, ESQ.
United States Attorney
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

On December 4, 2006, *pro se* plaintiff Ervin Leka filed a complaint alleging that two Special Agents of the Drug Enforcement Administration ("DEA") violated the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350,[1] by failing to inform him of his right, under the Vienna Convention on Consular Relations, to contact the Albanian Consulate following his arrest on drug charges. (*See generally* Complaint; Dkt. No. 1.) Pending is the motion by the United States: (1) to be substituted as the sole defendant, and (2) to dismiss the complaint. (Dkt. No. 19.) The motion is unopposed. For the reasons that follow, the motion is granted in its entirety.

## II. Facts

On August 16, 2004, Leka, a citizen of Albania, was arrested by Special Agents Mark J. Fiermonte and John Nitti at his residence in Albany. On August 5, 2005, a federal grand jury indicted Leka for conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. Leka was tried and convicted and, on July 12, 2006, was sentenced to 18 months imprisonment and two years supervised release. In the instant action, Leka seeks damages for an alleged violation

---

[1] Some courts refer to the statute as the Alien Tort Claims Act. *See Abdullahi v. Pfizer, Inc.,* No. 01-cv-8118, 2005 WL 1870811, at *1 (S.D.N.Y. Aug. 9, 2005) (noting split).

2

of his rights under the Vienna Convention. His complaint names as defendants Special Agents Fiermonte and Nitti individually, as well as the DEA under a theory of respondeat superior.

### III.  Standard of Review

The United States has moved for dismissal pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. In deciding a Rule 12(c) motion, the court applies the same standard of review as that which is applicable to a motion under Rule 12(b)(6). *See Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir. 1994). The court has previously addressed the standard for dismissal pursuant to Rule 12(b)(6), and need not repeat that standard here. For a full discussion of the standard, the court refers the parties to its decision in *Price v. New York State Board of Elections,* No. 06-cv-1083, 2007 WL 3104327, at *4 (N.D.N.Y. Oct. 22, 2007).

Where, as here, the motion to dismiss is unopposed, the court must still satisfy itself that the moving party is entitled to the relief requested. *See* N.D.N.Y. R. 7.1(b)(3) (conditioning dismissal on the movant carrying its "burden to demonstrate entitlement to the relief requested"). However, the court's review of the relevant law is, almost by necessity, destined to be

3

less thorough when the motion is uncontested. As the court has previously indicated, an unopposed motion to dismiss will be granted if the arguments presented therein are "facially meritorious." *See Hernandez v. Nash,* No. 00-cv-1564, 2003 WL 22143709, at *2 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.).

## IV. Discussion

### A. Motion to Substitute

Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), Pub. L. No. 100-694, 102 Stat. 4563 (1988), federal employees enjoy absolute immunity from tort claims arising out of acts they undertake in the course of their official duties. *See* 28 U.S.C. § 2679(b)(1); *Osborn v. Haley,* 127 S. Ct. 881, 887 (2007). Such claims may only be asserted against the United States under the Federal Tort Claims Act ("FTCA"). *See United States v. Smith,* 499 U.S. 160, 165-66 (1991). Thus, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim . . . shall be deemed an action against the United States . . . and the United States

4

shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

In light of the Westfall Act, a tort claim against an individual defendant under the ATS is properly converted to and treated as a claim against the United States under the FTCA, provided the Attorney General has made the requisite certification. *See Rasul v. Myers,* 512 F.3d 644, 660-61 (D.C. Cir. 2008) ("Because the defendants' alleged conduct came within the scope of their office/employment, the three ATS claims were properly restyled as claims against the United States that are governed by the FTCA.") (quotations, citation, and alterations omitted); *see also Bansal v. Russ,* 513 F. Supp. 2d 264, 280 (E.D. Pa. 2007); *Turkmen v. Ashcroft,* No. 02-cv-2307, 2006 WL 1662663, at *50 (E.D.N.Y. June 14, 2006). Here, Glenn T. Suddaby, the United States Attorney for the Northern District of New York, acting pursuant to authority delegated to him by the Attorney General, *see* 28 C.F.R. § 15.4(b), has certified that Special Agents Fiermonte and Nitti were acting within the scope of their employment as employees of the United States at the time of the incident out of which Leka's claim arises. (*See* Certification; Dkt. No. 19.) Accordingly, the United States is substituted as the proper defendant in place of Fiermonte and Nitti.

5

Additionally, because an action under the FTCA must be brought against the United States rather than an agency thereof, *see Mignogna v. Sair Aviation, Inc.,* 937 F.2d 37, 40 (2d Cir. 1991) (citing 28 U.S.C. § 2679(a)), the United States is substituted as the proper defendant in place of the DEA.

Leka's claim against the United States will be treated as a claim under the FTCA.

## B. Motion to Dismiss

Leka alleges a violation of his right to consular notification under Article 36 of the Vienna Convention.[2]  However, case law suggests that the Vienna Convention does not confer a private right of action.  *See United States v. De La Pava,* 268 F.3d 157, 164-65 (2d Cir. 2001) (rejecting, albeit arguably in dicta, the view that an individual has judicially enforceable rights under the Vienna Convention); *Cornejo v. County of San Diego,* 504 F.3d 853, 855 (9th Cir. 2007) (holding, in context of a suit for damages

---

[2]Article 36 provides, in part, that "if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner." Vienna Convention on Consular Relations art. 36, Apr. 24, 1963, 21 U.S.T. 77.  It further provides that the "authorities shall inform the person concerned without delay of his rights under this sub-paragraph." *Id.*

6

under 42 U.S.C. § 1983, that Article 36 does not create judicially enforceable rights); *United States v. Emuegbunam,* 268 F.3d 377, 391-94 (6th Cir. 2001) (refusing to reverse a conviction on the grounds that Article 36 does not create an individual right that the federal courts can enforce); *Ortiz v. Ercole,* No. 07-cv-2178, 2007 WL 2086456, at *15 (S.D.N.Y. July 23, 2007) (collecting cases supporting the majority view that the Vienna Convention does not create individually-enforceable rights), *adopted by* 2008 WL 190338 (S.D.N.Y. Jan. 22, 2008); *but see Jogi v. Voges,* 480 F.3d 822, 835-36 (7th Cir. 2007) (reaching the opposite conclusion as the Ninth Circuit in *Cornejo*, and allowing a suit for damages under § 1983 for a violation of Article 36).[3]  Even assuming that the Vienna Convention confers a private right of action, Leka has alleged no damages.  Leka suggests that he was injured by not having the opportunity to avail himself of consular advice regarding his choice of counsel.  (*See* Complaint at 4; Dkt. No. 1.)  However, there is no allegation in the Complaint that his actual

---

[3]The Supreme Court had the opportunity to address the availability of judicial relief for violations of Article 36, but chose not to do so.  *See Sanchez-Llamas v. Oregon,* 126 S. Ct. 2669, 2677 (2006) ("Because we conclude that Sanchez-Llamas and Bustillo are not in any event entitled to relief on their claims, we find it unnecessary to resolve the question whether the Vienna Convention grants individuals enforceable rights.").  Four dissenting justices in *Sanchez-Llamas* would have reached the issue and held that "[a] criminal defendant may, at trial or in a postconviction proceeding, raise the claim that state authorities violated the Convention in his case."  *Id.* at 2691 (Breyer, J., dissenting).

representation was deficient, nor is there any indication of how the outcome of his arrest and trial would have been different had he been given the opportunity to contact the Albanian consulate. Given these deficiencies, the Complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007); *see Bieregu v. Ashcroft,* 259 F. Supp. 2d 342, 354 (D. N.J. 2003) (dismissing claim under Article 36 for failure to allege, in more than speculative terms, the "causation" and "damages" elements of a tort claim). Accordingly, the United States' unopposed motion to dismiss is granted.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the United States is substituted as the proper defendant in place of Fiermonte, Nitti, and the DEA; and it is further

**ORDERED** that the United States' motion to dismiss (Dkt. No. 19) is GRANTED and the complaint is dismissed; and it is further

**ORDERED** that the Clerk provide copies of this Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: March 10, 2008

*Gary L. Sharpe*
U.S. District Judge

8